IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY RAFAEL SALAS SUAREZ,<br><br>            Plaintiff,<br><br>    vs.<br><br>ALICIA GORMAN, MICHAEL ANDRADE and COMMISSIONER RALPH COOK,<br><br>            Defendants.<br>_____ / | CASE NO. 1: 12-cv-00711-AWI-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |

**I.    Plaintiff's Application to Proceed In Forma Pauperis**

On April 30, 2012, plaintiff Tony Salas Suarez ("Plaintiff") a state prisoner appearing pro se, filed a motion to proceed in forma pauperis. (Doc. 2.) Having reviewed the in forma pauperis application, this Court GRANTS Plaintiff's application.

**II.    Screening Requirement**

Currently pending before the Court is Plaintiff's Complaint, filed April 30, 2012. (Doc. 1.) The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28

1  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
2  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
3  *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v.*
8  *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient
9  factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at
10  1949 (quoting *Twombly*, 550 U.S. at 555).

11        In reviewing a complaint under this standard, the Court must accept as true the allegations of
12  the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976),
13  construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*,
14  213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v.*
15  *McKeithen*, 395 U.S. 411, 421 (1969).

16  **III.     Complaint Allegations**

17        Plaintiff brings this action against Alicia Gorman (Probation Officer, Merced County),
18  Michael Andrade (Merced County Public Defenders Office), and Ralph Cook (Commissioner,
19  Merced County Superior Court) (collectively referred to as the "Defendants").  Plaintiff alleges
20  Defendants denied him his Fifth Amendment rights.  A complete restatement of Plaintiff's factual
21  allegations is reprinted in its entirely below.

22      "Denial of my constitutional rights under the 5th Amendment for not giving me
proper notice of my parole violations and not giving me [a] fair hearing with adequate
23  representation. My attorney was ineffective.  Therefore[,] I was coerced into making a
deal_violation [sic] when I was <u>not</u> given a due process hearing.  The outcome would
24  have been different if I was given effective representation & [a] due process hearing."

25  (Pl.'s Compl., Doc. 1) (emphasis in original.)

26  **IV.     Discussion**

27        For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief.
28  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

described by the Court in this order.

### A. The Fifth Amendment Does Not Apply To State Employees

The Due Process Clause of the Fifth Amendment provides that no one shall "be deprived of life, liberty, or property without due process of law." "[T]he Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's Fifth Amendment claim is alleged against three state employees. Accordingly, the Fifth Amendment Due Process Clause does not apply. *Estrada v. Grannis,* No. 09-cv-01079-AWI-GBC, 2010 WL 5394750 (E.D. Cal., Dec. 22, 2010) ("Since all Defendants in this action are state employees, the Fifth Amendment Due Process Clause does not apply.")

### B. Plaintiff's Factual Allegations Are Insufficient to Support Any Legal Theory

While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

The substance of Plaintiff's claims is offered in four brief sentences. *See supra,* Section III. Plaintiff's allegations do not address the elements of any recognized legal theory of recovery, nor do they set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's Complaint merely provides four conclusory sentences. This is insufficient under federal pleading standards. In his Amended Complaint, should Plaintiff chose to file one, Plaintiff must carefully review the standards for any claims he believes are cognizable, and provide sufficient factual detail to support those claims.

### RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's Fifth Amendment claims be DISMISSED WITH LEAVE TO AMEND.

Plaintiff SHALL file an amended complaint within thirty (30) days from the date of the ruling by the District Judge on these Findings and Recommendations. If Plaintiff fails to file an amended

complaint in compliance with this Order, this action will be dismissed WITH PREJUDICE, for failure to state a claim.

These findings and recommendations are submitted to Chief United States District Judge Anthony W. Ishii pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Plaintiff may file written objections with the Court no later than thirty (30) days from the date of these findings. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In the event Plaintiff does not object, her case will proceed only as to the two federal claims identified above.

IT IS SO ORDERED.

**Dated:   June 5, 2012**                   /s/ **Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE